## Aetna Life Insurance Company v. Jones, et al.

Decided September 30, 1924.)

### Appeal from Henderson Circuit Court.

Pleading—Petition Must Directly State and Charge Facts, Instead of Attempting to Show them by Quotations from Writings.—Petition must state facts supporting cause of action, instead of showing facts by copying writings verbatim within quotation marks; and copying a mortgage reciting a sale does not sufficiently allege sale.

VANCE & HEILBRONNER and W. A. WELLS for appellant.

F. J. PENTECOST and HENSON & TAYLOR for appellees.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE— Affirming.

The appellant, Aetna Life Insurance Company, brought suit in the Henderson circuit court to recover from the Corydon Coal Company, J. R. Sigler, T. E. Jones, T. L. Jones, O. W. Rash, R. W. Turner and Alfred G. Merritt, $1,500.34, the amount of the premium on an employers' liability insurance policy. The court below sustained a demurrer to the petition in so far as it undertook to state a cause of action against J. L. Jones,

T. E. Jones, J. R. Sigler and O. W. Rash, and, appellant declining to plead further, entered judgment dismissing its petition as to them and adjudged that they recover their costs of it. This is an appeal from that judgment, and consequently the sole question here for determination is whether or not the petition stated a cause of action against appellees.

The petition is unusually voluminous, containing some sixty-five pages of typewritten matter, and we gather from the various documents copied *verbatim* into it that perhaps appellant has a cause of action against appellees. However, as the petition was drawn, all the facts upon which appellant's cause of action, if any, may be predicated appear not as direct statements of the petition, but from copies of and quotations from various writings, consisting of notes and mortgages, pleadings in certain lawsuits, orders and judgments of the court therein, articles of incorporation of certain corporations, and other writings copied into the petition *verbatim* and within enclosing quotation marks. Appellant's petition attempted to state a cause of action against appellees upon the theory that the appellees owned a portion of the capital stock of the Corydon Coal Company and wrongfully and unlawfully sold it to the corporation itself for fifty-five thousand dollars, for which the corporation executed to them thirty-five notes and to secure the payment of which it executed to them a mortgage on all its property; that the corporation had no authority to purchase from its stockholders their stock in it; that the indebtedness created by the execution of the notes for fifty-five thousand dollars, with the mortgage to secure same, as well as large additional indebtedness, was largely in excess of the authorized indebtedness of the corporation as fixed by its charter; that appellees were stockholders and directors of the corporation and had received funds from its dissolution and liquidation and, consequently, were personally liable to it. However, these facts do not appear as direct statements or charges of the petition, but are to be gathered only from the various writings and portions of writings copied into the petition. For instance, the petition nowhere charges that appellees unlawfully sold their stock in the Corydon Coal Company to the company itself. We find certain recitations in the mortgage given by it to them which make it seem certain that they did. The petition, however, instead of stating that as a fact merely states that on a

certain date the mortgage was executed and delivered and has been recorded and is in words and figures as follows, and then quotes the mortgage *verbatim.* This is a fair sample of the method used in pleading the facts constituting the cause of action. The pleading itself must directly state and charge the facts upon which the cause of action is founded. The method adopted by appellant in the petition now in question is not sufficient.

The judgment of the court below sustaining the demurrer as indicated is affirmed.